**COX, WOOTTON, LERNER,**
**GRIFFIN & HANSEN, LLP**
Neil S. Lerner (SBN 134031)
nsl@cwlfirm.com
Edward A. Cosgrove (SBN 251621)
ecosgrove@cwlfirm.com
Jason R. Gianvecchio (SBN 276587)
jgianvecchio@cwlfirm.com
12011 San Vicente Blvd, Suite 600
Los Angeles, California 90049
Telephone: 310-440-0020
Facsimile:  310-440-0015

Attorneys for Plaintiff-in-Limitation
HARBOR BREEZE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of<br><br>HARBOR BREEZE CORPORATION, as an owner of the 62' passenger vessel "Harbor King", for Exoneration from or Limitation of Liability | Case No.: 23-CV-3484<br><br>**IN ADMIRALTY**<br><br>Complaint in Admiralty for Exoneration from, or Limitation of, Liability |

    Plaintiff-in-Limitation HARBOR BREEZE CORPORATION, as owner of the motor vessel "Harbor King," a 1958 62' Passenger Vessel bearing Primary Vessel No. 276748, and her engines, tackle, appurtenances, etc. (the "Vessel"), hereby petitions the Court for exoneration from, or limitation of, liability, civil and

///

Complaint in Admiralty for Exoneration from, or
Limitation of, Liability         1                    Case No.
                                                      23-CV-3484

maritime, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*,[1] (the "Act"), and respectfully alleges as follows:

## PETITION

1. This is an action for exoneration from, or limitation of, liability pursuant to the Act. It is an admiralty and maritime claim within the meaning of Rules 9(h), 14(c), and 38(e) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule F"), and it is within the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333(1).

2. Plaintiff-in-Limitation is a corporation which was the owner of the Vessel at all material times. It is therefore entitled to petition for exoneration from, or limitation of, liability under the Act.

3. At all material times, the Vessel was located on the navigable waters of the United States in San Pedro Harbor in San Pedro, California, the Vessel's home port, within this Central District of California.

4. Under Supplemental Rule F(9), this judicial district is the proper district for hearing this matter because the Vessel is located in this judicial district, the Vessel has not been arrested or attached, and no known lawsuits have been commenced against Plaintiff-in-Limitation with respect to the occurrence giving rise to this action.

5. At all material times, Plaintiff-in-Limitation exercised due diligence to make the Vessel staunch, tight, fit, strong, properly manned, equipped, supplied, operated, and, in all respects, seaworthy and fit for the operational

---

[1] The Limitation of Liability Act of 1851, 46 U.S.C. § 30501, *et seq.*, was amended by PL 117-263, December 23, 2022, 136 Stat 2395. The incident at issue in this case occurred prior to the enactment of this amendment, which is not retroactive.

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

service for which it was engaged on the navigable waters of the United States in and around San Pedro Harbor.

6. On or about November 6, 2022, at approximately 4:30 p.m., while cruising, the master of the Vessel suffered a medical emergency and lost consciousness. As a result, the Vessel struck the fixed floating dock at the Port of Los Angeles Berth No. 82 (the "Incident").

7. Sixty-seven passengers and four crew members were on board the Vessel when the Incident occurred.

8. Plaintiff-in-Limitation is informed and believes that sixteen passengers may have sustained injuries during the Incident.

9. The Incident damaged the Vessel. Afterward, its fair market value was determined to be $485,000.00. Therefore, the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident was $485,000.00.

10. The Vessel had no pending freight at the time of the Incident.

11. Plaintiff-in-Limitation is informed and believes, and on that basis alleges, that no claims have yet been made, and that actions or proceedings may be commenced against it, by individuals or entities claiming to have sustained injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Incident.

12. Plaintiff-in-Limitation does not currently know the total amount of such claims.

13. Plaintiff-in-Limitation alleges, upon information and belief, that there are no actions currently pending in contract, or in tort, or otherwise, arising out of the subject Incident.

14. Plaintiff-in-Limitation believes the aggregate of claims that may be made for damages, losses or injuries that may have been sustained as a result of

the Incident exceed the value of the Vessel immediately after the Incident, and Plaintiff-in-Limitation's interest therein.

15. The Vessel has not been arrested or attached for any claim with respect to which Plaintiff-in-Limitation seeks exoneration from, or limitation of, liability, and Plaintiff-in-Limitation has not been sued for any such claim.

16. Plaintiff-in-Limitation has valid, absolute, and real defenses to any and all alleged liability arising out of the Incident on the facts and under admiralty and maritime law.

17. Plaintiff-in-Limitation alleges, on information and belief, that Flor Chacon De Orellana, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

18. Plaintiff-in-Limitation alleges, on information and belief, that Karla Orellana Chacon, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

19. Plaintiff-in-Limitation alleges, on information and belief, that Marlyn Garcia De Moreno, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

20. Plaintiff-in-Limitation alleges, on information and belief, that Juan Moreno Orellana, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

21. Plaintiff-in-Limitation alleges, on information and belief, that Marlin Orellana Villalobos, a passenger aboard the Vessel at the time of the Incident,

1  may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery
2  for alleged injuries

3  22.  Plaintiff-in-Limitation alleges, on information and belief, that Bryan Chavez, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

4  23.  Plaintiff-in-Limitation alleges, on information and belief, that Gerson Orellana, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

5  24.  Plaintiff-in-Limitation alleges, on information and belief, that Juan Villalobos, minor son of Marlin Orellana Villalobos, and a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

6  25.  Plaintiff-in-Limitation alleges, on information and belief, that Ana Arteaga, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

7  26.  Plaintiff-in-Limitation alleges, on information and belief, that Marilyn Ake, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

8  27.  Plaintiff-in-Limitation alleges, on information and belief, that Diana Arteaga, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

///

28. Plaintiff-in-Limitation alleges, on information and belief, that Alexander Grande, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

29. Plaintiff-in-Limitation alleges, on information and belief, that Oscar Lopez, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

30. Plaintiff-in-Limitation alleges, on information and belief, that Chris Mendoza, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

31. Plaintiff-in-Limitation alleges, on information and belief, that Angel Mendoza, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

32. Plaintiff-in-Limitation alleges, on information and belief, that Sydney Gonzales, a passenger aboard the Vessel at the time of the Incident, may assert a claim against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

33. Plaintiff-in-Limitation alleges, on information and belief, that certain other individuals and/or entities unknown to Plaintiff-in-Limitation, may contend to have sustained or suffered damages or losses as a direct result of the above-described Incident or events, and may assert a claim or claims against Plaintiff-in-Limitation and/or the Vessel for recovery for alleged injuries.

///

///

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Complaint in Admiralty for Exoneration from, or Limitation of, Liability   6   Case No. 23-CV-3484

34. The Incident and any consequent injury, death, loss, and damage were not caused by any fault or neglect attributable to Plaintiff-in-Limitation or anyone for whom Plaintiff-in-Limitation may be responsible.

35. The Incident and any damages or injuries resulting therefrom, were solely and proximately caused by the fault and/or neglect of others, or acts of God for which no person or persons is responsible.

36. Six months have not elapsed since Plaintiff-in-Limitation received the first written notice of a claim arising out of, resulting from, or in any manner connected with the Incident.

37. Plaintiff-in-Limitation hereby claims the benefits of exoneration from, or limitation of, liability provided for in the Act, as amended, re-codified, and supplemented by Supplemental Rule F, and the Court's Local Admiralty Rules ("LAR") regarding proceedings under the Act. Plaintiff-in-Limitation also claims the benefit of each other federal, state, and local law to which he may be entitled, whether or not identified herein.

38. Plaintiff-in-Limitation contests liability for any injury, death, loss, or damages arising out of, resulting from, or in any manner connected with the Incident. Plaintiff-in-Limitation desires first to be completely exonerated from such liability. While not in any manner admitting liability, if Plaintiff-in-Limitation is not exonerated, it desires to limit any such liability it may have to all claimants to a maximum amount equivalent to the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident, which is $485,000.00, and its pending freight, which was nothing.

39. In accordance with Section 30511(b) of the Act, Supplemental Rule F(1), and LAR F.1 (83-F.1), Plaintiff-in-Limitation will file a stipulation with sufficient surety for the payment into Court for the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident, which was $485,000.00,

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Complaint in Admiralty for Exoneration from, or Limitation of, Liability         7         Case No. 23-CV-3484

and its pending freight, which was nothing, together with interest thereon at the legal rate of 6% per annum and $1,000.00 in costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-in-Limitation prays:

That this Court issue a notice to all persons asserting claims by reason of any and all damages and/or expenses of any nature, occasioned, or incurred by reason of the above-described events and admonishing them to file their claim with the clerk of this Court and to serve attorneys for Plaintiff-in-Limitation with a copy thereof on or before a date certainly to be named by this Court

That this Court issue an injunction restraining the commencement and/or prosecution of any and all actions, suits, and legal proceedings of any kind arising out of the above-described events against Plaintiff-in-Limitation or against the Vessel other than in the present action;

That this Court judge and decree the Plaintiff-in-Limitation is not liable to any extent for any damages and/or expenses in any way arising out of or in consequence of the above-described events, and exonerates Plaintiff-in-Limitation;

That, if Plaintiff-in-Limitation shall be judged liable, Plaintiff-in-Limitation shall be indemnified by a party or parties currently known or unknown who are either wholly or primarily responsible for any alleged damages and expenses arising out of the above-described events;

That, if Plaintiff-in-Limitation shall be judged liable, the liability of Plaintiff-in-Limitation be limited to the value of the interest in the Vessel immediately after the above-described voyage, namely $485,000.00 and decreed to be entered as charging Plaintiff-in-Limitation for any and all further liability.

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Complaint in Admiralty for Exoneration from, or Limitation of, Liability    8    Case No. 23-CV-3484

That all persons, firms, corporations, or other legal entities that fail to file a claim in this proceeding within the time allowed by this Court be declared in default and forever barred from making any claims for such damages and/or expenses in this proceeding or any other proceeding and Plaintiff-in-Limitation has such other and further relief that the Court may deem just and proper on the premises set forth above.

Dated: May 8, 2023

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

By: /s/ *Neil S. Lerner*
    Neil S. Lerner
    Edward A. Cosgrove
    Jason R. Gianvecchio
    Attorneys for Plaintiff-in-Limitation,
    HARBOR BREEZE CORPORATION
    E-mail: nsl@cwlfirm.com
     ecosgrove@cwlfirm.com
     jgianvecchio@cwlfirm.com

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Complaint in Admiralty for Exoneration from, or Limitation of, Liability     9     Case No. 23-CV-3484